09-5218-ag
Mowla v. Holder

BIA
A073 612 326
A073 612 327
A073 612 328

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of December, two thousand ten.

PRESENT:
            JON O. NEWMAN,
            GUIDO CALABRESI,
            ROBERT A. KATZMANN,
                 *Circuit Judges*.
_____

GOLAM MOWLA, NASIMA KHAN, NUSRAT
MOWLA,
            *Petitioners*,

            v.                                    09-5218-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.
_____

FOR PETITIONERS:        Alexander J. Segal, New York, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Lyle D. Jentzer, Senior
                        Litigation Counsel; Jeffrey L.
                        Menkin, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, natives and citizens of Bangladesh, seek review of a November 20, 2009, order of the BIA denying their motion to reopen. *In re Golam Mowla, Nasima Khan, Nusrat Mowla*, Nos. A073 612 326/327/328 (B.I.A. Nov. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien ordinarily may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that petitioners failed to establish changed country conditions in Bangladesh sufficient to excuse the untimely filing of their motion to reopen.  The BIA properly noted that, "the record as it existed at the time of the Immigration Judge's August 31, 1998, decision . . . is void of any evidence of conditions in Bangladesh at that time."  Therefore, because petitioners submitted evidence demonstrating only recent conditions in Bangladesh, as opposed to evidence establishing a change in conditions between the initial proceedings and the motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii), the BIA reasonably found that petitioners failed to show changed conditions in Bangladesh sufficient to warrant reopening.  *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *see also INS v. Abudu*, 485 U.S. 94, 107, 110 (1988) (describing motions to reopen as "disfavored" and noting that "the moving party bears a heavy

3

burden" in demonstrating that reopening is warranted on the basis of newly discovered evidence). Furthermore, contrary to petitioners' argument, the BIA was under no obligation to take judicial notice of country conditions evidence not in the record. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *cf. Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199-200 (2d Cir. 2007) (quoting *Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (per curiam) (recognizing the permissive nature of the BIA's authority to "exercise independent discretion" in taking notice of commonly known facts)); *Yang v. McElroy*, 277 F.3d 158, 163 n.4 (2d Cir. 2002) (finding it "well-settled that the BIA has the authority to take administrative notice of current events").

Moreover, although, as petitioners point out, the BIA acknowledged that the record included evidence "indicating that Islamic fundamentalist[s] and militants in Bangladesh have increased their influence over the political process, attacked religious minorities and moderate Muslims, and directed their ire against any individuals or groups that profess secularism," the BIA nevertheless reasonably found that the general rise in Islamic fundamentalism was not material to petitioners' specific claim that they would be

4

targeted as "Americanized Bangladeshis" or that petitioner Nusrat Mowla would be forced into marriage. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) ("General violence in [a country] does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution"). Accordingly, the BIA did not abuse its discretion in denying the motion as petitioners failed to demonstrate their *prima facie* eligibility for relief. 8 C.F.R. § 1003.2(c)(1), (3)(ii); *see Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

